UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ABDULHAKIM MOHAMED,

       Petitioner,                   Case No. 1:26-cv-1959

v.                                   Hon. Hala Y. Jarbou

KEVIN RAYCRAFT,

       Respondent.
_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I.     Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, accept jurisdiction over this action and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to immediately release Petitioner from detention. (Pet., ECF No. 1, PageID.7.)

In an order entered on June 30, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on July 6, 2026, (ECF No. 5), and Petitioner filed his reply on July 9, 2026, (ECF No. 7.)

## II.    Relevant Factual Background

Petitioner is a native and citizen of Somalia. (Pet., ECF No. 1, PageID.10.) On August 14, 2024, the United States Citizenship and Immigration Services (USCIS) terminated Petitioner's asylum status, stating that his December 2021 federal conviction constituted an aggravated felony, in violation of INA § 101(a)(43)(B). (Anderson Decl. ¶ 11, ECF No. 5-1, PageID.25–26.) On August 25, 2025, ICE arrested Petitioner upon his release from federal prison and placed him at the North Lake Processing Center. (*Id*. ¶ 12, PageID.26.)

At that time, the Department of Homeland Security (DHS) charged Petitioner with removability pursuant to § 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA) "for having been convicted of aggravated felony drug trafficking and conspiracy offenses, in violation of INA §§ 101(a)(43)(B) and (U); and removability under INA § 237(a)(2)(B) for having been convicted of a violation of any law or regulation relating to a controlled substance." (*Id*. ¶ 13, PageID.26.)

On January 30, 2026, the Detroit Immigration Court ordered Petitioner to be removed to Somalia. (*Id*. ¶ 14, PageID.26.) Petitioner did not file an appeal, "resulting in a final order of removal upon expiration of the appeal period" on March 1, 2026. (*Id*.) On June 12, 2026, ICE issued Petitioner a travel document for Somalia, which expires on September 1, 2026. (*Id*., ¶ 21, PageID.27.) ICE has scheduled Petitioner "for a commercial removal flight to Somalia on July 31, 2026." (*Id*., ¶ 22, PageID.28.)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of

the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**IV.    Analysis**

Given that Petitioner has a final order of removal, Petitioner's present detention is governed by 8 U.S.C. § 1231. Petitioner, however, contends that his detention is unlawful. (Pet., ECF No. 1, PageID.6.) In response, Respondents argue that Petitioner's continued detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas v. Davis* 533 U.S. 678, 701 (2001). (Resp., ECF No. 5, PageID.18–20.)

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of removal became final on March 1, 2026. (Anderson Decl. ¶ 14, ECF No. 5-1, PageID.26.) The 90-day removal period following the order expired before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas*, the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must

respond with evidence sufficient to rebut that showing." *Id.*[1] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Here, Petitioner has not been detained under 8 U.S.C. § 1231 for six months. "Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing, *inter alia*, *Zadvydas*, 533 U.S. at 699–701; *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 706–07 (S.D. Tex. 2020); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018)); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits." (citations omitted)). That is, during the six-month period of detention, "[t]he presumption of reasonableness is the default," and "the government bears no burden to justify detention," "but if a person 'can prove' that his removal is not reasonably foreseeable, then he can overcome that presumption." *Id.* at 397 (citations omitted).

In this case, Petitioner has not proven that "his removal is not reasonably foreseeable." *Id.* Instead, the record reflects that DHS has a travel document for Petitioner and has scheduled Petitioner "for a commercial removal flight to Somalia on July 31, 2026." (Anderson Decl., ¶¶ 21-22, ECF No. 5-1, PageID.27–28.) Petitioner has not offered any evidence or argument to

---

[1] The Court notes that the Supreme Court held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

4

prove that "his removal is not reasonably foreseeable." *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d at 397. Accordingly, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

### **Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: July 15, 2026                         /s/ Hala Y. Jarbou
                                             HALA Y. JARBOU
                                             CHIEF UNITED STATES DISTRICT JUDGE